,

2011 APR - 1   AM 10: 18

CLERK
NORTHERN DISTRICT OF OHIO
AKRON

1   EMILY COPE BURTON
2   eburton@ftc.gov
    SHAMEKA L. GAINEY
3   sgainey@ftc.gov
    ROBERT G. SCHOSHINSKI
4   rschoshinski@ftc.gov
    Federal Trade Commission
5   600 Pennsylvania Avenue, NW, H-286
6   Washington, DC 20580
    202-326-2728 (Burton)
7   202-326-2570 (Gainey)
    202-326-3219 (Schoshinski)
8   202-326-3395 (Fax)

9   BLAINE T.WELSH
10  blaine.welsh@usdoj.gov
    Assistant United States Attorney
11  Nevada Bar No. 4790
    333 Las Vegas Blvd. South, Suite 5000
12  Las Vegas, NV 89101
    702-388-6336
13  702-388-6787 (Fax)

14  Attorneys for Plaintiff Federal Trade Commission

15

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

16

17  FEDERAL TRADE COMMISSION,            )   Case No. 2:11-cv-00283-JCM-
                                         )   GWF
18         Plaintiff,                    )
                                         )
19  v.                                   )
                                         )
20  IVY CAPITAL, INC., a Nevada Corporation;  )   **PRELIMINARY INJUNCTION**
                                         )
21         Defendants, and              )
                                         )
22                                       )
    CHERRYTREE HOLDINGS, LLC, a Nevada  )
23  Limited Liability Corporation;      )
                                         )
24         Relief Defendants.           )
                                         )
25                                       )

1

1  Plaintiff, the Federal Trade Commission ("FTC"), filed its Complaint for Permanent Injunction

2  and Other Equitable Relief ("Complaint") pursuant to Sections 13(b) and 19 of the Federal Trade

3  Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b and applied for an *ex parte* temporary

4  restraining order with asset freeze and receiver and for an order to show cause why a preliminary

5  injunction should not issue pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Fed.

6  R. Civ. P. 65(b).  This Court having considered the Complaint, declarations, exhibits, and

7  memoranda, entered a Temporary Restraining Order, including an asset freeze and receiver, on

8  February 22, 2011.  The Court, having conducted a hearing to show cause why a preliminary

9  injunction should not issue and having considered the Complaint, declarations, exhibits,

10  memoranda, and oral argument presented by the parties, makes the following findings of fact and

11  conclusions of law:

13  **FINDINGS**

14  1.  This Court has jurisdiction over the subject matter of this case, and there is good

15      cause to believe it will have jurisdiction of all parties hereto and that venue in this

16      district is proper;

17  2.  There is good cause to believe that Defendants Ivy Capital, Inc.; Fortune Learning

18      System, LLC; Fortune Learning, LLC; Vianet, Inc.; Enrich Wealth Group, LLC;

19      Business Development Division, LLC; Nevada Corporate Division, Inc.; Corporate

20      Credit Division, LLC; Credit Repair Division, LLC; Tax Planning Division, LLC;

21      Zyzac Commerce Solutions, Inc.; The Shipper, LLC d/b/a Wholesalematch.com; 3

22      Day MBA, LLC; Global Finance Group, LLC; Virtual Profit, LLC; Dream Financial;

23      ICI Development, Inc.; Ivy Capital, LLC; Logic Solutions, LLC; Oxford Debt

24      Holdings, LLC; Revsynergy, LLC; Sell It Vizions, LLC; Kyle G. Kirschbaum; John

25      H. Harrison; Steven E. Lyman; Benjamin E. Hoskins; Christopher M. Zelig; Steven J.

Sonnenberg; James G. Hanchett; and Joshua F. Wickman have engaged in and are likely to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Trade Regulation Rule entitled Telemarketing Sales Rule ("TSR" or "Rule"), 16 C.F.R. Part 310, and that the FTC is therefore likely to prevail on the merits of this action;

3. There is good cause to believe that immediate and irreparable harm will result from the Defendants' ongoing violations of Section 5 of the FTC Act and the TSR unless Defendants are preliminarily enjoined by Order of this Court;

4. There is good cause to believe that Defendants transferred substantial amounts of money they obtained from consumers to Relief Defendants Cherrytree Holdings, LLC; Oxford Financial, LLC; S&T Time, LLC; Virtucon, LLC; Curva, LLC; Mowab, Inc.; Kierston Kirschbaum; Melyna Harrison; Tracy Lyman; and Leanne Hoskins and Relief Defendants have no legitimate claim to those funds;

5. Good cause exists for (a) the continued appointment of a Receiver over Corporate Defendants; (b) the freezing of Defendants' and Relief Defendants' assets; and (c) the ancillary relief ordered below;

6. Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a preliminary injunction with an asset freeze, the appointment of a Receiver, and other equitable relief is in the public interest. The FTC is an independent agency of the United States of America and no security is required of any agency of the United States for the issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Preliminary Injunction ("Order"), the following definitions shall apply:

3

1. **"Asset"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares or stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), cash, trusts, including but not limited to asset protection trusts, and reserve funds or other accounts associated with any payments processed on behalf of any Defendant, including, but not limited to, such reserve funds held by a payment processor, credit card processor, or bank.

2. **"Assisting others"** includes knowingly providing any of the following goods or services to another entity: (1) performing customer service functions, including, but not limited to, charging consumers for products or services, or receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any promotional material; (3) providing names of, or assisting in the generation of, potential customers; or (4) performing promotional or marketing services of any kind, including but not limited to, creating, hosting, or maintaining websites, or recruiting affiliates; or (5) processing credit and debit card payments.

3. **"Corporate Defendants"** means Ivy Capital, Inc.; Fortune Learning System, LLC; Fortune Learning, LLC; Vianet, Inc.; Enrich Wealth Group, LLC; Business Development Division, LLC; Nevada Corporate Division, Inc.; Corporate Credit Division, LLC; Credit Repair Division, LLC; Tax Planning Division, LLC; Zyzac Commerce Solutions, Inc.; The Shipper, LLC d/b/a Wholesalematch.com; 3 Day MBA, LLC; Global Finance Group, LLC; Virtual Profit, LLC; Dream Financial; ICI Development, Inc.; Ivy Capital, LLC; Logic Solutions, LLC; Oxford Debt Holdings,

1  LLC; Revsynergy, LLC; Sell It Vizions, LLC; and their successors, assigns, affiliates
2  or subsidiaries.

3  **4.** **"Corporate Relief Defendants"** means Cherrytree Holdings, LLC; Oxford Financial,
4  LLC; S&T Time, LLC; Virtucon, LLC; Curva, LLC; Mowab, Inc.; and their
5  successors, assigns, affiliates or subsidiaries.

6  **5.** **"Defendants"** means (a) each Corporate Defendant; (b) each Individual Defendant;
7  and (c) each Relief Defendant. Furthermore, any person insofar as he or she is acting
8  in the capacity of an officer, agent, servant, employee or attorney of any Corporate
9  Defendant, any Individual Defendant, or any Relief Defendant, and any person or
10  entity in active concert or participation with any of the foregoing who receives actual
11  notice of this Order by personal service or otherwise, is bound to comply with this
12  Order, *see* Fed.R.Civ.P. 65(d), whether these persons or entities are acting directly or
13  through a trust, corporation, subsidiary, division, or other device.

14  **6.** **"Document"** is synonymous in meaning and equal in scope to the usage of the term
15  in the Federal Rules of Civil Procedure 34(a), and includes writing, drawings, graphs,
16  charts, Internet sites, Web pages, Web sites, electronic correspondence, including e-
17  mail and instant messages, photographs, audio and video recordings, contracts,
18  accounting data, advertisements (including, but not limited to, advertisements placed
19  on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup
20  postings, World Wide Web pages, books, written or printed records, handwritten
21  notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business
22  canceled checks and check registers, bank statements, appointment books, computer
23  records, and other data compilations from which information can be obtained and
24  translated, if necessary, through detection devices into reasonably usable form. A
25  draft or non-identical copy is a separate document within the meaning of the term.

7. **"Individual Defendants"** means Kyle G. Kirschbaum; John H. Harrison; Steven E. Lyman; Benjamin E. Hoskins; Christopher M. Zelig; Steven J. Sonnenberg; James G. Hanchett; and Joshua F. Wickman.

8. **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

9. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

10. **"Plaintiff"** or **"Commission"** or **"FTC"** means the Federal Trade Commission.

11. **"Receiver"** means the receiver appointed in Section XI of this Order and any deputy receivers that shall be named by the receiver.

12. **"Receivership Defendants"** means the Corporate Defendants.

13. **"Relief Defendants"** means Cherrytree Holdings, LLC; Oxford Financial, LLC; S&T Time, LLC; Virtucon, LLC; Curva, LLC; Mowab, Inc.; Kierston Kirschbaum; Melyna Harrison; Tracy Lyman; and Leanne Hoskins.

14. **"Representatives"** means Defendants' officers, agents, servants, employees, and attorneys, and any other person or entity in active concert or participation with them who receives actual notice of this Order by personal service or otherwise.

15. **"Telemarketing"** means any plan, program or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services by means of the use of one or more telephones.

**ORDER**

**I.**

**PROHIBITED BUSINESS ACTIVITIES**

**IT IS THEREFORE ORDERED** that, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product or service, Corporate Defendants, Individual Defendants, and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are **hereby preliminarily restrained and enjoined from:**

A. Making, or assisting others in making, any false or misleading statement or representation of material fact, including, but not limited to:

    1. Representing, directly or indirectly, expressly or by implication that:

        a. consumers who purchase and use Defendants' business coaching program are likely to earn substantial income from their Internet business endeavors; and

        b. purchasers' Internet businesses will generate income equal to or greater than the amount they paid to purchase the program within six months;

    2. Representing, directly or indirectly, expressly or by implication, that:

        a. Defendants will provide the services necessary for consumers to establish successful Internet businesses, including coaching sessions, online resources, and website design and development, for six months, or until purchasers recoup their initial investment; and

        b. Defendants will provide numerous other products and services relating to the business coaching program; and

**3.** Representing, directly or indirectly, expressly or by implication, that Defendants will provide a refund to consumers who request one within three days;

**B.** Failing to disclose, or disclose adequately, to consumers material aspects of Defendants' refund policy, including that:

    **1.** consumers must request a refund within three days; and

    **2.** consumers must sign a "non-disparagement" agreement in order to receive a refund.

## II.

## PROHIBITIONS AGAINST DECEPTIVE AND ABUSIVE TELEMARKETING PRACTICES

**IT IS FURTHER ORDERED** that, in connection with telemarketing, Corporate Defendants, Individual Defendants, and their Representatives **are hereby preliminarily restrained and enjoined from** engaging in or causing or assisting other persons to engage in, violations of any provision of the TSR, including, but not limited to, the following:

**A.** Misrepresenting, directly or by implication, in the sale of goods or services, any material aspect of the performance, efficacy, nature or essential characteristics of their products and services, in violation of Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii), such as:

    **1.** consumers who purchase and use Defendants' business coaching program are likely to earn substantial income from their Internet business endeavors;

    **2.** purchasers' Internet businesses will generate income equal to or greater than the amount they paid to purchase the program within six months;

8

3. Defendants will provide the services necessary for consumers to establish successful Internet businesses, including coaching sessions, online resources, and website design and development, for six months, or until purchasers recoup their initial investment; and

4. Defendants will provide numerous other products and services relating to the business coaching program;

B. Failing to disclose, or disclose adequately, in a clear and conspicuous manner, all material terms and conditions of Defendants' refund policy, in violation of Section 310.3(a)(1)(iii) of the TSR, 16 C.F.R. § 310.3(a)(1)(iii), including that:

1. consumers must request a refund within three days after purchase; and

2. consumers must sign a "non-disparagement" agreement in order to receive a refund;

C. Misrepresenting, directly or by implication, in the sale of their business coaching program and related upsell products and services, material aspects of the nature and terms of Defendants' refund policy in violation of Section 310.3(a)(2)(iv) of the TSR, 16 C.F.R. § 310.3(a)(2)(iv), including that they will provide a refund to consumers who request one within three days;

D. Initiating, or causing others to initiate, outbound telephone calls to telephone numbers on the National Do Not Call Registry ("DNC Registry") in violation of Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B), unless

1. the seller has obtained the express agreement, in writing, of such person to place calls to that person. Such written agreement shall clearly evidence such person's authorization that calls made by or on behalf of a specific party may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature of that person; or

9

2.  the seller has an established business relationship with such person and that

person has not previously stated that he or she does not wish to receive

outbound telemarketing calls made by or on behalf of Defendants; and

**E.** Calling numbers on the DNC Registry without paying the annual fee necessary to access the list of numbers on the DNC Registry in violation of Section 310.8 of the TSR, 16 C.F.R. § 310.8.

## III.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are **hereby preliminarily restrained and enjoined** from:

**A.**  Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, but wherever located, including outside the United States, that are:

1.  owned or controlled, in whole or in part by any Defendant;

2.  held for the benefit of, directly or indirectly, any Defendant, in whole or in part;

3.  in the actual or constructive possession of any Defendant;

4.  held by an agent of any Defendant as a retainer for the agent's provision of services to Defendants;

5.  owned or controlled by, or in the actual or constructive possession of or otherwise held for the benefit of, any corporation, partnership, asset protection

1    trust, or other entity that is directly or indirectly owned, managed, controlled

2    by any of the Defendants, or of which any Defendant is an officer, director,

3    member, or manager.  This includes, but is not limited to, any assets held by,

4    for, or subject to access by, any of the Defendants at any bank or savings and

5    loan institution, or with any broker-dealer, escrow agent, title company,

6    commodity trading company, precious metal dealer, or other financial

7    institution or depository of any kind; or

8        **6.** held in any account for which any Defendant is an authorized signer.

9        **B.** Opening or causing to be opened, unless accompanied by counsel for the

10   Commission, any safe deposit boxes titled in the name of any Defendant, either individually or

11   jointly, or subject to access by any Defendant;

12       **C.** Obtaining a personal or secured loan encumbering the assets of any Defendant, or

13   subject to access by any Defendant;

14       **D.** Incurring liens or other encumbrances on real property, personal property, or

15   other assets in the name, singly or jointly, of any Defendant or of any corporation, partnership, or

16   other entity directly or indirectly owned, managed, or controlled by any Defendant; or

17       **E.** Incurring charges or cash advances on any credit or bank card issued in the name,

18   individually or jointly, of any Corporate Defendant, Corporate Relief Defendant, or any

19   corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by

20   any Defendant or of which any Defendant is an officer, director, member, or manager.  This

21   includes, but is not limited to, any corporate bank or credit card account for which any Defendant

22   is an authorized signor.

23       **IT IS FURTHER ORDERED** that the assets affected by this Section shall include

24   assets (a) existing as of the date this Order was entered, or (b) acquired by any Defendant

25

1  following entry of this Order, if such assets are derived from the conduct alleged in the

2  Commission's Complaint.

3                                   IV.

4                      **DUTIES OF ASSET HOLDERS**

5     **IT IS FURTHER ORDERED** that any financial or brokerage institution, credit card

6  processing company, payment processor, merchant bank, acquiring bank, business entity, or

7  person who receives actual notice of this Order (by personal service or otherwise) that (a) holds,

8  controls, or maintains custody of any account or asset of any Defendant, (b) holds, controls, or

9  maintains custody of any asset associated with credit or debit card charges made on behalf of any

10  Defendant, including but not limited to, reserve funds held by payment processors, or (c) has

11  held, controlled, or maintained custody of any such account or asset at any time since the date of

12  entry of this Order shall:

13     **A.** Hold and retain within its control and prohibit the withdrawal, removal, assignment,

14  transfer, pledge, encumbrance, disbursement, dissipation, relinquishing, conversion, sale, or

15  other disposal of any such asset except by further order of this Court;

16     **B.** Deny any person, except the Receiver acting pursuant to Section XII of this Order

17  access to any safe deposit box that is:

18          **1.** titled in the name of any Defendant, either individually or jointly; or

19          **2.** otherwise subject to access by any Defendant;

20     **C.** Provide the FTC's counsel, within three (3) business days of receiving a copy of this

21  Order, a sworn statement setting forth:

22          **1.** the identification number of each account or asset:

23                **a)** titled in the name, individually or jointly, of any of the Defendants;

24                **b)** held on behalf of, or for the benefit of, any of the Defendants; or

25

     **c)**  associated with credit or debit card charges made on behalf of any of the Defendants;

    **2.**  the balance of each such account, or a description of the nature and value of each such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

    **3.**  the identification of any safe deposit box that is either titled in the name, individually or jointly, of any of the Defendants, or is otherwise subject to access by any of the Defendants; and

    **D.**  Upon the request of the FTC, promptly provide the FTC with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## V.

## FINANCIAL STATEMENTS

**IT IS FURTHER ORDERED** that each Defendant, within two (2) days of service of this Order upon them, shall prepare and deliver to counsel for the Commission and to the Receiver completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for themselves individually, and **Attachment B** (Financial Statement of Corporate Defendant) for each business entity under which they conduct business or of which they are an officer, and for each trust for which any Defendant is a trustee.

1  The financial statements shall be accurate as of the date of entry of this Order.  Each Defendant

2  shall include in the financial statements a full accounting of all funds and assets, whether located

3  inside or outside of the United States, that are:  (a) titled in the name of such Defendant, jointly,

4  severally, or individually; (b) held by any person or entity for the benefit of such Defendant; or

5  (c) under the direct or indirect control of such Defendant.

6      *Provided* that a Defendant does not have to provide any such information identified by

7  this Section V if (1) the Defendant has already provided such information pursuant to Section V

8  of the Temporary Restraining Order; and (2) the information provided has not changed.

9

10                                        **VI.**

11                    **REPATRIATION OF ASSETS AND DOCUMENTS**

12      **IT IS FURTHER ORDERED** that within three (3) days following the service of this

13  Order, each Defendant shall:

14      **A.**  Provide the Commission and the Receiver with a full accounting of all funds,

15  documents, and assets outside of the United States which are: (1) titled in the name, individually

16  or jointly, of any Defendant; or (2) held by any person or entity for the benefit of any Defendant;

17  or (3) under the direct or indirect control, whether jointly or singly, of any Defendant;

18      **B.**  Transfer to the territory of the United States and deliver to the Receiver all funds,

19  documents, and assets located in foreign countries which are:  (1) titled in the name individually

20  or jointly of any Defendant; or (2) held by any person or entity, for the benefit of any Defendant;

21  or (3) under the direct or indirect control of any Defendant, whether jointly or singly; and

22      **C.**  Provide the Commission access to all records of accounts or assets of any Defendant

23  held by financial institutions located outside the territorial United States by signing the Consent

24  to Release of Financial Records appended to this Order as **Attachment C.**

25

14

*Provided* that a Defendant does not have to provide information, documents, or release identified by this Section VI if (1) the Defendant has already provided such information, documents, or release pursuant to Section VI of the Temporary Restraining Order; and (2) the information provided or contained in the document or release has not changed.

## VII.

### NONINTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Section VI of this Order, including, but not limited to:

**A.** Sending any statement, letter, fax, e-mail or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to Section VI of this Order; or

**B.** Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all assets have been fully repatriated pursuant to Section VI of this Order.

## VIII.

### CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency served with this Order shall promptly furnish consumer reports as requested concerning any Defendant to the counsel for the Commission.

## IX.

### PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby preliminarily restrained and enjoined from:

A. destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, documents that relate to the business, business practices, assets, or business or personal finances of any Defendant; and

B. failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of money.

## X.

### PROHIBITION ON RELEASE OF CUSTOMER INFORMATION
### OR CUSTOMER LISTS

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby preliminarily restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-

Case 2:11-cv-02353-JCM-GWF Document 69-11 Filed 03/25/11 Page 17 of 28

1   mail address, or other identifying information of any person who paid money to the Defendants

2   for products or services, or who were contacted or are on a list to be contacted by the

3   Defendants; provided that the Defendants may disclose such identifying information to a law

4   enforcement agency or as required by any law, regulation, or court order.

5                                                 **XI.**

6                              **APPOINTMENT OF RECEIVER**

7          **IT IS FURTHER ORDERED** that Robb Evans & Associates, previously appointed as

8   temporary receiver for the Receivership Defendants, shall continue as Receiver for the

9   Receivership Defendants during the pendency of this action. The Receiver shall be the agent of

10  this Court, and solely the agent of this Court, in acting as Receiver under this Order. The

11  Receiver shall be accountable directly to this Court.

12                                               **XII.**

13                              **RECEIVER'S DUTIES**

14         **IT IS FURTHER ORDERED** that the Receiver is authorized and directed to

15  accomplish the following:

16         **A.**      Assume full control of the Receivership Defendants by removing, as the Receiver

17  deems necessary or advisable, any director, officer, independent contractor, employee, or agent

18  of any of the Receivership Defendants, including any Defendant, from control of, management

19  of, or participation in, the affairs of the Receivership Defendants;

20         **B.**      Take exclusive custody, control, and possession of all assets and documents of, or

21  in the possession, custody, or under the control of, the Receivership Defendants, wherever

22  situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in

23  possession, hold, and manage all assets and documents of the Receivership Defendants and other

24  persons or entities whose interests are now under the direction, possession, custody, or control

25  of, the Receivership Defendants. The Receiver shall assume control over the income and profits

Case 2:11-cv-00283-JCM-GWF  Document 69-11  Filed 03/25/11  Page 18 of 28

therefrom and all sums of money now or hereafter due or owing to the Receivership Defendants.

Provided, however, that the Receiver shall not attempt to collect any amount from a consumer if

the Receiver believes the consumer was a victim of the unfair or deceptive acts or practices or

other violations of law alleged in the Complaint in this matter, without prior Court approval;

C.      Take all steps necessary to secure and take exclusive custody of each location

from which the Receivership Defendants operate their business.  Such steps may include, but are

not limited to, any of the following, as the Receiver deems necessary or advisable:  (1) serving

this Order; (2) completing a written inventory of all Receivership assets; (3) obtaining pertinent

information from all employees and other agents of the Receivership Defendants, including, but

not limited to, the name, home address, Social Security Number, job description, passwords or

access codes, method of compensation, and all accrued and unpaid commissions and

compensation of each such employee or agent; (4) photographing and video taping any or all

portions of the location; (5) securing the location by changing the locks and disconnecting any

computer modems or other means of access to the computer or other records maintained at that

location; and (6) requiring any persons present on the premises at the time this Order is served to

leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the

satisfaction of the Receiver that such persons are not removing from the premises documents or

assets of the Receivership Defendants.  Law enforcement personnel, including, but not limited

to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep

the peace and maintain security.  If requested by the Receiver, the United States Marshal will

provide appropriate and necessary assistance to the Receiver to implement this Order and is

authorized to use any necessary and reasonable force to do so;

D.      Conserve, hold, and manage all assets of the Receivership Defendants, and

perform all acts necessary or advisable to preserve the value of those assets in order to prevent

any irreparable loss, damage, or injury to consumers or creditors of the Receivership Defendants,

1  including, but not limited to, obtaining an accounting of the assets and preventing the

2  unauthorized transfer, withdrawal, or misapplication of assets;

3     **E.**     Enter into and cancel contracts, and purchase insurance as advisable or necessary;

4     **F.**     Prevent the inequitable distribution of assets and determine, adjust, and protect

5  the interests of consumers and creditors who have transacted business with the Receivership

6  Defendants;

7     **G.**     Manage and administer the business of the Receivership Defendants until further

8  order of this Court by performing all incidental acts that the Receiver deems to be advisable or

9  necessary, which includes but is not limited to retaining, hiring, or dismissing any employees,

10  independent contractors, or agents;

11     **H.**     Prevent the destruction or erasure of any web page or website registered to and

12  operated, in whole or in part, by Defendants;

13     **I.**     Take all steps necessary to ensure that any of Defendants' web pages or websites

14  relating to business coaching and related upsell products and services cannot be accessed by the

15  public, or are modified for consumer education and/or informational purposes;

16     **J.**     Choose, engage, and employ attorneys, accountants, appraisers, and other

17  independent contractors and technical specialists, as the Receiver deems advisable or necessary

18  in the performance of duties and responsibilities under the authority granted by this Order;

19     **K.**     Make payments and disbursements from the receivership estate that are necessary

20  or advisable for carrying out the directions of, or exercising the authority granted by, this Order.

21  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation

22  incurred by the Receivership Defendants prior to the date of entry of this Order, except payments

23  that the Receiver deems necessary or advisable to secure assets of the Receivership Defendants,

24  such as rental payments;

25

19

1    **L.**    Suspend business operations of the Receivership Defendants if in the judgment of

2    the Receiver such operations cannot be continued legally and profitably;

3    **M.**    Institute, compromise, adjust, appear in, intervene in, or become party to such

4    actions or proceedings in state, federal or foreign courts or arbitration proceedings as the

5    Receiver deems necessary and advisable to preserve or recover the assets of the Receivership

6    Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's

7    mandate under this Order, including but not limited to, actions challenging fraudulent or

8    voidable transfers;

9    **N.**    Defend, compromise, adjust, or otherwise dispose of any or all actions or

10   proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or

11   against the Receivership Defendants, as the Receiver deems necessary and advisable to preserve

12   the assets of the Receivership Defendants, or as the Receiver deems necessary and advisable to

13   carry out the Receiver's mandate under this Order;

14   **O.**    Issue subpoenas to obtain documents and records pertaining to the Receivership,

15   and conduct discovery in this action on behalf of the Receivership estate;

16   **P.**    Open one or more bank accounts as designated depositories for funds of the

17   Receivership Defendants.  The Receiver shall deposit all funds of the Receivership Defendants in

18   such a designated account and shall make all payments and disbursements from the Receivership

19   estate from such an account.  The Receiver shall serve copies of monthly account statements on

20   all parties;

21   **Q.**    Maintain accurate records of all receipts and expenditures incurred as Receiver;

22   and

23   **R.**    Cooperate with reasonable requests for information or assistance from any state or

24   federal law enforcement agency.

25

## XIII.

### TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants, their Representatives, and any other person, with possession, custody or control of property of or records relating to the Receivership Defendants shall upon notice of this Order by personal service or otherwise immediately notify the Receiver of, and, upon receiving a request from the Receiver, immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

**A.** All assets of the Receivership Defendants;

**B.** All documents of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

**C.** All computers and data in whatever form used to conduct the business of the Receivership Defendants;

**D.** All assets belonging to other persons or entities whose interests are now under the direction, possession, custody, or control of, the Receivership Defendants; and

**E.** All keys, codes, and passwords necessary to gain or to secure access to any assets or documents of the Receivership Defendants, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property.

In the event that any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any

1  sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to

2  seize the asset, document, or other item covered by this Section and to deliver it to the Receiver.

3  **XIV.**

4  **PROVISION OF INFORMATION TO RECEIVER**

5  **IT IS FURTHER ORDERED** that Defendants shall provide to the Receiver, immediately

6  upon request, the following:

7  **A.**      A list of all assets and property, including accounts, of the Receivership

8  Defendants that are held in any name other than the name of a Receivership Defendant, or by any

9  person or entity other than a Receivership Defendant; and

10  **B.**      A list of all agents, employees, officers, servants or those persons in active

11  concert and participation with the Individual Defendants and Receivership Defendants, who have

12  been associated or done business with the Receivership Defendants.

13  **XV.**

14  **COOPERATION WITH THE RECEIVER**

15  **IT IS FURTHER ORDERED** that Defendants, their Representatives, and any other

16  person served with a copy of this Order shall fully cooperate with and assist the Receiver in

17  taking and maintaining possession, custody, or control of the assets of the Receivership

18  Defendants.  This cooperation and assistance shall include, but not be limited to: providing

19  information to the Receiver that the Receiver deems necessary in order to exercise the authority

20  and discharge the responsibilities of the Receiver under this Order; providing any password

21  required to access any computer, electronic file, or telephonic data in any medium; advising all

22  persons who owe money to the Receivership Defendants that all debts should be paid directly to

23  the Receiver; and transferring funds at the Receiver's direction and producing records related to

24  the assets and sales of the Receivership Defendants.  The entities obligated to cooperate with the

25  Receiver under this provision include, but are not limited to, banks, broker-dealers, savings and

22

loans, escrow agents, title companies, commodity trading companies, precious metals dealers and other financial institutions and depositories of any kind, and all common carriers, third-party billing agents, including but not limited to, payment processors, and other telecommunications companies, that have transacted business with the Receivership Defendants.

## XVI.

### INTERFERENCE WITH THE RECEIVER

IT IS FURTHER ORDERED that Defendants and their Representatives, corporations, subsidiaries, divisions, or affiliates, are hereby restrained and enjoined from directly or indirectly:

A.  Interfering with the Receiver managing, or taking custody, control, or possession of, the assets or documents subject to this Receivership;

B.  Transacting any of the business of the Receivership Defendants;

C.  Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver; and

D.  Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XVII.

### STAY OF ACTIONS AGAINST RECEIVERSHIP DEFENDANTS

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of the Receivership ordered herein, Defendants, their Representatives, corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from

1    taking action that would interfere with the exclusive jurisdiction of this Court over the assets or

2    documents of the Receivership Defendants, including, but not limited to:

3        **A.** Petitioning, or assisting in the filing of a petition, that would cause any Receivership

4    Defendant to be placed in bankruptcy;

5        **B.** Commencing, prosecuting, or continuing a judicial, administrative, or other action or

6    proceeding against the Receivership Defendants, including the issuance or employment of

7    process against the Receivership Defendants, except that such actions may be commenced if

8    necessary to toll any applicable statute of limitations;

9        **C.** Filing or enforcing any lien on any asset of the Receivership Defendants, taking or

10   attempting to take possession, custody, or control of any asset of the Receivership Defendants; or

11   attempting to foreclose, forfeit, alter, or terminate any interest in any asset of the Receivership

12   Defendants, whether such acts are part of a judicial proceeding, are acts of self-help, or

13   otherwise; or

14       **D.** Initiating any other process or proceeding that would interfere with the Receiver

15   managing or taking custody, control, or possession of, the assets or documents subject to this

16   receivership.

17   *Provided that*, this Order does not stay: (i) the commencement or continuation of a criminal

18   action or proceeding; (ii) the commencement or continuation of an action or proceeding by a

19   governmental unit to enforce such governmental unit's police or regulatory power; or (iii) the

20   enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by

21   a governmental unit to enforce such governmental unit's police or regulatory power.

22                                      **XVIII.**

23                          **COMPENSATION OF RECEIVER**

24       **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver

25   as herein authorized, including counsel to the Receiver and accountants, are entitled to

1 | reasonable compensation for the performance of duties pursuant to this Order and for the cost of

2 | actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession

3 | or control of, or which may be received by, the Receivership Defendants. The Receiver shall file

4 | with the Court and serve on the parties periodic requests for the payment of such reasonable

5 | compensation, with the first such request filed no more than sixty (60) days after the date of

6 | entry of this Order. The Receiver shall not increase the hourly rates used as the bases for such

7 | fee applications without prior approval of the Court.

8 | **XIX.**

9 | **RECEIVER'S BOND**

10 | **IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a

11 | bond in the sum of $10,000 with sureties to be approved by the Court, conditioned that the

12 | Receiver will well and truly perform the duties of the office and abide by and perform all acts the

13 | Court directs. 28 U.S.C. § 754.

14 | **XX.**

15 | **ACCESS TO BUSINESS OFFICES AND RECORDS**

16 | **IT IS FURTHER ORDERED** that, in order to allow the Commission and the Receiver

17 | to preserve assets and evidence relevant to this action, and to expedite discovery, Plaintiff and

18 | Receiver, and their representatives, agents, and assistants, shall continue to have access to the

19 | business premises of the Receivership Defendants. Such locations include, but are not limited to:

20 | 3027 East Sunset Road, Suites 106, 201, 202, 203, 204, and 205, Las Vegas, Nevada; 3015 East

21 | Sunset Road, Las Vegas, Nevada; 826 East State Road, Suite 210, American Fork, Utah; 1875

22 | South State Street, Suites T300 and T400, Orem, Utah; 251 River Park Drive, Suite 325, Provo,

23 | Utah; and 3130 South Harbor Boulevard, Suites 150 and 170, Santa Ana, California. The

24 | Commission and the Receiver, and their representatives, agents, and assistants, are authorized to

25 | remove documents from the Receivership Defendants' premises in order that they may be

25

1  inspected, inventoried, and copied for the purpose of preserving discoverable material in

2  connection with this action, following which they will be returned to the premises from which

3  they were removed.

4        Furthermore, the Receiver shall allow the Defendants reasonable access to the premises

5  and business records of the Receivership Defendants within his possession for the purpose of

6  inspecting and copying materials relevant to this action.  The Receiver shall have the discretion

7  to determine the time, manner, and reasonable conditions of such access.

8                                        **XXI.**

9                 **NONINTERFERENCE WITH CONSUMER WITNESSES**

10       **IT IS FURTHER ORDERED** that:

11       **A.** Defendants and their Representatives, whether acting directly or through any entity,

12  corporation, subsidiary, division, director, manager, member, affiliate, independent contractor,

13  accountant, financial advisor, or other device, are hereby preliminarily restrained and enjoined

14  from taking any action, directly or indirectly, that may result in the intimidation and

15  noncooperation of consumer witnesses, including, but not limited to:

16              **i.**  Requiring consumers seeking a refund to sign an agreement preventing

17                    them from providing information about Corporate Defendants or sharing

18                    their experiences with Corporate Defendants.

19              **ii.**  Enforcing such agreements; and

20              **iii.**  Sending any statement, letter, fax, email or wire transmission, or

21                     telephoning or engaging in any other act, directly or indirectly, that results

22                     in the intimidation or noncooperation of consumers or potential witnesses;

23       **B.** Consumers may cooperate with the FTC and the Receiver without regard to any

24  existing agreement preventing consumers from communicating with outside parties about

25  Corporate Defendants.

## XXII.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client company, servant, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, provide the FTC with a sworn statement that Defendants have complied with this provision of the Order, which statement shall include the names and addresses of each such person or entity who received a copy of this Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXIII.
## SERVICE ON FINANCIAL INSTITUTIONS,
## ENTITIES OR PERSONS

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, e-mail, and overnight delivery service, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## XXIV.

## GENERAL SERVICE OF ORDER

**IT IS FURTHER ORDERED** that pursuant to Rule 4 (c)(2), Fed. R. Civ. P., this Order and the initial papers filed in this matter may be served on Defendants, upon the business

1   premises of Defendants, and upon any financial institution or other entity or person that may

2   have possession, custody or control of any documents or assets of any Defendant, or that may be

3   subject to any provision of this Order, by employees of the FTC, by employees of any other law

4   enforcement agency, by any agent of Plaintiff or by any agent of any process service retained by

5   Plaintiff.

6                                               **XXV.**

7                                    **CORRESPONDENCE**

8        **IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence

9   and service of pleadings on Plaintiff shall be addressed to:

10                          Emily Cope Burton
                            Shameka L. Gainey

11                          Robert G. Schoshinski
                            Federal Trade Commission

12                          600 Pennsylvania Avenue NW, Maildrop 286
                            Washington, DC 20580

13                          FAX: 202-326-3395
                            Email: eburton@ftc.gov, sgainey@ftc.gov, rschoshinski@ftc.gov

14

15                                              **XXVI.**

16                            **RETENTION OF JURISDICTION**

17       **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

18   all purposes.

19                                    **IT IS SO ORDERED:**

20

21                                    _Xenus C. Mahan_

22                                    The Honorable James C. Mahan

23                                    UNITED STATES DISTRICT JUDGE

24   I hereby attest and certify on **3·29·11**        March 25, 2011
     that the foregoing document is a full, true

25   and correct copy of the original on file in my
     legal custody.

     CLERK, U.S. DISTRICT COURT
     DISTRICT OF NEVADA

     By _S. Denson_ Deputy Clerk

tion with the chief judge of the district court, will best serve the needs of such district court.

1. Editor's note: So in original. Probably should be "or as."

History of 28 U.S.C. §753: June 25, 1948, ch. 646, 62 Stat. 921. Amended Oct. 31, 1951, ch. 655, §46, 65 Stat. 726; June 28, 1955, ch. 189, §3(c), 69 Stat. 176; June 20, 1958, P.L. 85-462, §3(c), 72 Stat. 207; July 7, 1958, P.L. 85-508, §12(e), 72 Stat. 348; July 1, 1960, P.L. 86-568, §116(c), 74 Stat. 303; Sept. 2, 1965, P.L. 89-163, 79 Stat. 619; Sept. 2, 1965, P.L. 89-167, 79 Stat. 647; June 2, 1970, P.L. 91-272, §14, 84 Stat. 298; Dec. 11, 1970, P.L. 91-545, 84 Stat. 1412; Apr. 2, 1982, P.L..97-164, §401(a), 96 Stat. 56; Oct. 19, 1996, P.L. 104-317, §305, 110 Stat. 3852.

### §754. RECEIVERS OF PROPERTY IN DIFFERENT DISTRICTS

A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.

He shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this title.

Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

History of 28 U.S.C. §754: June 25, 1948, ch. 646, 62 Stat. 922.

### §755. CRIERS & BAILIFFS

Each district judge may appoint a crier for the court in which he presides who shall perform also the duties of bailiff and messenger. A crier may perform also the duties of law clerk if he is qualified to do so and the district judge who appointed him designates him to serve as a crier-law clerk. A crier designated to serve as a crier-law clerk shall receive the compensation of a law clerk, but only so much of that compensation as is in excess of the compensation to which he would be entitled as a crier shall be deemed the compensation of a law clerk for the purposes of any limitation imposed by law upon the aggregate salaries of law clerks and secretaries appointed by a district judge.

Each United States marshal may employ, with the approval of the judge, not exceeding four bailiffs as the district judge may determine, to attend the court, maintain order, wait upon the grand and petit juries, and perform such other necessary duties as the judge or marshal may direct.

If the position of crier or bailiff is to be filled by the appointment of a person who has not previously served as either crier or bailiff, preference in the appointment shall be given to a person who has served in the military or naval forces of the United States in time of war and who has been honorably discharged therefrom, if in the opinion of the appointing officer such person is as well qualified as any other available person to perform to the satisfaction of the appointing officer all the duties of the position.

History of 28 U.S.C. §755: June 25, 1948, ch. 646, 62 Stat. !
Oct. 21, 1965, P.L. 89-281, 79 Stat. 1012; Nov. 18, 1988, P.L. 100-6
102 Stat. 4515.

### §756. POWER TO APPOINT

Whenever a majority of the district judges of a
court cannot agree upon the appointment of any
such court, the chief judge shall make such appoin

History of 28 U.S.C. §756: June 25, 1948, ch. 646, 62 Stat. 92

### CHAPTER 50—[OMITTED]

### CHAPTER 51—UNITED STATES Co OF FEDERAL CLAIMS

### §791. CLERK

(a) The United States Court of Federal Clain
point a clerk, who shall be subject to removal by the
clerk, with the approval of the court, may appoint
deputies and employees in such numbers as may b
by the Director of the Administrative Office of t
States Courts. Such deputies and employees shall
to removal by the clerk with the approval of the cou

(b) The clerk shall pay into the Treasury all
and other moneys collected by him. He shall mal
thereof to the Director of the Administrative Off
United States Courts under regulations prescribed

(c) On the first day of every regular session of
the clerk shall transmit to Congress a full and comp
ment of all the judgments rendered by the court d
previous year, showing the dates and amounts th
the parties in whose favor they were rendered, tog
a brief synopsis of the nature of the claims upon v
were rendered, and a statement of the costs taxe
case.

History of 28 U.S.C. §791: June 25, 1948, ch. 646, 62 Stat. 9:
Apr. 2, 1982, P.L. 97-164, §121(a), 96 Stat. 34; Oct. 29, 1992,
§902(a)(1), 106 Stat. 4516.

### §792. [REPEALED]

Repealed Apr. 2, 1982, P.L. 97-164, §121(b), 96 Stat. 34.

### §793. [REPEALED]

Repealed July 28, 1953, ch. 253, §6, 67 Stat. 226.

### §794. LAW CLERKS & SECRETAI

The judges of the United States Court of Feder
may appoint necessary law clerks and secretaries
numbers as the Judicial Conference of the United S
approve for district judges, subject to any limitation
gregate salaries of such employees which may be in
law. A law clerk appointed under this section shall
from the provisions of subchapter I of chapter 63 of t
less specifically included by the appointing judge c
rule of court.

History of 28 U.S.C. §794: June 25, 1948, ch. 646, 62 Stat. 92
Apr. 2, 1982, P.L. 97-164, §121(c)(1), 96 Stat. 34; Nov. 19, 1988,
§1003(a)(3), 102 Stat. 4665; Oct. 29, 1992, P.L. 102-572, §§902(a)
Stat. 4516, 4517.